UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE GARZA, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:17-cv-168 |
| | § | |
| NORMA LIMON, et al., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Defendants' "Partial Motion to Dismiss" (Defendants' "Motion"). Dkt. No. 6. Defendants' Motion was filed on November 6, 2017. *Id.* Plaintiffs have not filed a response. Defendants' Motion should be **GRANTED** because the Court lacks subject matter jurisdiction to review Plaintiffs' claims under the Administrative Procedure Act (the "APA") and the Declaratory Judgment Act (the "DJA"), and because the United States is not a proper party to this lawsuit.

Plaintiffs raise two claims which were recently found to be subject to dismissal by the Court in *Gutierrez v. Tillerson, et al.*, No. 17-cv-111, 2017 WL 6044108 (S.D. Tex. Nov. 15, 2017), *adopted by*, 2017 WL 6054941 (S.D. Tex. Dec. 6, 2017). Like the plaintiff in *Gutierrez*, Plaintiffs filed suit against Defendants for the alleged revocation of a United States passport, under both 8 U.S.C. § 1503(a) and the APA. Dkt. No. 3 at 1. As the Court determined in *Gutierrez*, Plaintiffs' APA claim is precluded by the existence of the adequate remedy available to them under § 1503(a). *Gutierrez*, 2017 WL 6044108 at *7. Further, § 1503 does not authorize actions against the United States, and the Court lacks subject matter jurisdiction to hear such claims. *Id.* at 7-8.

Additionally, Plaintiffs appear to seek relief under the DJA, independently from their § 1503 claim. Dkt. No. 3 at 7. As Defendants indicate, however, the DJA is not an independent basis for relief. *Garza v. Clinton*, H-10-0049, 2010 WL 5464263, at *2 (S.D. Tex. Dec. 29, 2010). Instead, the Court's subject matter jurisdiction in this case arises under § 1503, and Plaintiffs' independent DJA claim should be dismissed. *Id.*

Plaintiffs provide no facts or authority to distinguish their claims from those dismissed by the Court in *Gutierrez*. Accordingly, for the reasons provided by the Court in *Gutierrez*, which the Court incorporates here by reference (*see Gutierrez*, 2017 WL 6044108, at *6-8; *Gutierrez*, 2017 WL 6054941, at *1), and the reasons stated herein, it is recommended that the Court **GRANT** Defendants' Partial Motion to Dismiss.

### Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 14th day of December, 2017.

**Ignacio Torteya, III**
**United States Magistrate Judge**